**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANN MARIE PALMER, | ) | |
| | ) | |
|     **Plaintiff/Appellant,** | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. :07-cv-5708 |
| MICHAEL ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | Magistrate Judge N. Nolan |
| SECURITY, | ) | |
| | ) | |
|     **Defendant.** | ) | |

<u>PLAINTIFF'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER</u>

Now comes the plaintiff, Ann Marie Palmer, by her attorney, Barry A. Schultz and respectfully moves this Honorable Court pursuant to Fed. Rule of Civil Procedure, 60a, to correct the order entered on May 14, 2009 granting plaintiff's motion for an award of attorneys fees pursuant to EAJA, and in support of said motion states as follows:

1. On May 14, 2009 this Court granted plaintiff's motion for an award of attorneys fees pursuant to the Equal Access to Justice Act. However, the order did not include language requiring that the fees be made payable to counsel, Barry A. Schultz.

2. In Plaintiff's motion for EAJA attorneys fees she requested that the fees be made payable to counsel. (See Pl's EAJA Motion, par. 18 and concluding paragraph.)

3. The Commissioner, in his response to plaintiff's EAJA motion, while arguing that his position was substantially justified, and that counsel's fee request was excessive, did not object to payment being made directly to counsel.

4. The fee agreement attached as an exhibit to Plaintiff's EAJA motion included

language in which Ms. Palmer agreed that any EAJA fees would be made payable to Mr. Schultz.

5. Pursuant to Fed. R. Civ. Pro. 60(a) "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Plaintiff believes that failure to include in this Court's order awarding EAJA fees that the fees be made payable to counsel was an oversight which this Court can correct pursuant to Rule 60a.

6. Counsel for plaintiff spoke with Charles Goldstein, the attorney for the Commissioner who drafted the briefs on the merits and the EAJA response brief for the Commissioner, and Mr. Goldstein indicated that the Commissioner would not be opposing plaintiff's Rule 60(a) motion requesting that fees be made payable directly to counsel Schultz.

WHEREFORE, Plaintiff, Ann Marie Palmer respectfully requests that this Honorable Court alter its order of May 14, 2009 and make the fees awarded payable to counsel Barry A. Schultz.

Dated: Chicago, Illinois  Respectfully submitted,
May 26, 2009


s/Barry A. Schultz
Barry A. Schultz

Barry A. Schultz
The Law Offices of Barry A. Schultz, P.C.
1609 Sherman Ave., Suite 205
Evanston, IL 60201
847-864-0224

# CERTIFICATE OF SERVICE

The undersigned does hereby state under penalty of perjury that on the 26th day of May 2009, I electronically filed the PLAINTIFF'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER with the Clerk of the Court using the CM/ECF system which sent notification of the such filing to the following :

Ann Wallace
Assistant US Attorney
219 South Dearborn Street, 5th Floor
Chicago, IL 606064

                                                s/Maisha Whittington
                                                  Maisha Whittington
                                                  Legal Assistant